UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WENDY JONES,

        Plaintiff,

   v.

JACQUELINE JENNINGS, et al.,

        Defendants.

No. 2:15-cv-02364-KJM-AC

ORDER

Having reviewed the allegations of the complaint and the parties' briefing on defendants' motion to dismiss, the court orders as follows.[1]

I.    42 U.S.C. § 1983

    A.    Jennings, Doe 1, and Doe 2 (First Claim)

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes a complaint's factual allegations are true and construes them in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015).

---

[1] In an effort to streamline resolution of motions to dismiss in certain cases where the parties have counsel, when the court is granting leave to amend it is adopting a shortened form of order consistent with the order issued here.

1

Here, Wendy Jones alleges that during a post-DUI-arrest search in June 2015, Sacramento County Sheriff's Deputy Jacqueline Jennings handcuffed her, twisted her arms painfully behind her back, forced her roughly to the floor, and violently handled her breasts and chest beneath her underwear.  Compl. ¶¶ 14–29, ECF No. 1.  Jones was never a danger to Jennings or anyone else.  *Id.* ¶ 28.  Two other unidentified officers stood by while Jennings conducted this search and did not intervene.  *Id.* ¶ 24.  Jones told Jennings and other officers that she was in pain, that they were hurting her, and that she suffered from post-traumatic stress disorder and a leg disability.  *Id.* ¶¶ 24, 26, 27.  After the search, Jennings and the two unidentified officers left her lying on the floor of a jail cell in pain.  *Id.* ¶ 25.  As a result of the deputies' treatment, she suffered injuries to her ankle and wrist and emotional and psychological trauma.  *Id.* ¶¶ 30, 34(f).

These allegations suffice to state a claim under 42 U.S.C. § 1983 against Jennings and the unidentified officers for violation of Jones's Fourth Amendment rights to be free from excessive force during searches and seizures.  The Fourth Amendment allows officers to use only objectively reasonable force when they conduct searches and seizures.  *See, e.g.*, *Green v. City & Cnty. of S.F.*, 751 F.3d 1039, 1049 (9th Cir. 2014).  Under the test of *Graham v. Connor*, the court balances the "nature and quality of the intrusion" against the "countervailing governmental interests at stake" in light of "the totality of the circumstances."  490 U.S. 386, 396 (1989) (citations and quotation marks omitted).

Officers also "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."  *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)).  "Thus, 'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance.'"  *Kyles v. Baker*, 72 F. Supp. 3d 1021, 1040 (N.D. Cal. 2014) (quoting *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 207 n.3 (1st Cir. 1990)).

1    The allegations summarized above allow the court to "draw the reasonable
2 inference" Jennings and the two unidentified officers used objectively unreasonable force or did
3 not intervene to prevent the use of objectively unreasonable force. *Iqbal*, 556 U.S. at 678. The
4 motion is denied with respect to this claim.

5    B.   Supervisory Defendants (Fifth Claim)

6    "In a § 1983 suit . . .—where masters do not answer for the torts of their
7 servants—the term 'supervisory liability' is a misnomer." *Iqbal*, 556 U.S. at 677. But
8 supervisors can be liable for their own conduct. *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir.
9 2014), *cert. denied*, 135 S. Ct. 946 (2015). Here, the complaint's austere allegations of
10 supervisory liability do not paint a plausible picture of the supervisory defendants' liability. *See*
11 Compl. ¶¶ 36, 45–46. These claims are therefore dismissed with leave to amend, if amending is
12 possible under Federal Rule of Civil Procedure 11. *See Iqbal*, 556 U.S. at 678 (legal conclusions
13 do not suffice to state a claim); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (the court
14 should grant leave to amend where additional factual allegations could cure a complaint's
15 defects).

16    C.   The County of Sacramento (Sixth Claim)

17    "A municipality or other local government may be liable under [§ 1983] if the
18 governmental body itself subjects a person to a deprivation of rights or causes a person to be
19 subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation and
20 quotation marks omitted). To succeed on a § 1983 claim against a municipal government, a
21 plaintiff must plead and prove the defendant's policies, customs, or practices were the moving
22 force behind the constitutional violation she suffered. *See, e.g.*, *City of Canton, Ohio v. Harris*,
23 489 U.S. 378, 389 (1989). To withstand a motion to dismiss under Rule 12(b)(6), a case cannot
24 rest on the bare allegation of unlawful policies, customs, or practices. *AE ex rel. Hernandez v.*
25 *Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

26    Here, Jones relies on her allegation that the Sacramento County Sheriff's
27 Department ratified the individual defendants' conduct through an investigation of the incident.
28 *See* Compl. ¶¶ 31–33, 49. A municipal body's ratification of its employees' unconstitutional

actions may support a claim under § 1983. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (summarizing the required showing). But Jones's allegations suggest no more than the possibility of ratification. The possibility of a defendant's liability cannot see a case through to discovery. *See Iqbal*, 556 U.S. at 678. This claim is dismissed with leave to amend.

II.     STATE LAW CLAIMS

Jones concedes her seventh claim against the County of Sacramento should be dismissed. Opp'n 9, ECF No. 12. The claim is dismissed with prejudice. *See* Cal. Gov't Code §§ 844, 844.6(a)(2).

As to her other claims, "[a]s a prerequisite for filing suit for 'money or damages' against a public entity, the California Government Claims Act requires presentation of a claim to the public entity." *Gen. Sec. Servs. Corp. v. Cnty. of Fresno*, 815 F. Supp. 2d 1123, 1131 (E.D. Cal. 2011); *see also* Cal. Gov't Code §§ 911.2, 915, 945.4; *State of Cal. v. Superior Court*, 32 Cal. 4th 1234, 1239–44 (2004). A claim must contain certain information, including "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim," "[a] general description of . . . injury, damage or loss incurred," and "[t]he name or names of the public employee or employees causing the injury, damage, or loss." Cal. Gov't Code § 910. This pre-filing requirement covers claims sounding in tort, including the state-law claims here. *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 737–38 (2007). A plaintiff must both plead and prove her compliance with these provisions, including in federal court. *Gen. Sec. Servs. Corp.*, 815 F. Supp. 2d at 1131–32.

Here, Jones alleges that on September 17, 2015, she filed a "citizen's complaint" with the Sheriff's Department "based on the unlawful conduct" alleged in her complaint. Compl. ¶ 31. These allegations, assumed true, do not show she complied with the provisions reviewed above. The state-law claims are dismissed with leave to amend, if possible within the confines of Federal Rule of Civil Procedure 11.

III.     CONCLUSION

The defendants' motion to dismiss is GRANTED IN PART as follows: (1) The motion to dismiss the first claim is DENIED; (2) The motion to dismiss the second, third, fourth, fifth, and sixth claims is GRANTED with leave to amend; and (3) The motion to dismiss the seventh claim is GRANTED with prejudice and without leave to amend.

An amended complaint shall be filed no later than twenty-one days after the date this order is filed.

This order resolves ECF No. 10.

IT IS SO ORDERED.

DATED: April 19, 2016.

UNITED STATES DISTRICT JUDGE

5